# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RODNEY C. NICKS, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Case No. 10-CV-1220-JAR-JPO |
| CARL BREWER, et. al., | ) |
| | ) |
|        Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Rodney C. Nicks' Motion to Review [sic] for Counsel (Doc. 8), objecting to Magistrate Judge O'Hara's Order (Doc. 5) denying plaintiff's request for appointment of counsel.

Upon objection to a magistrate judge's order on a non-dispositive matter, the district court may modify or set aside any portion of the order that it finds to be "clearly erroneous or contrary to the law."[1] The district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire

---

[1] Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

[2] *Id.*; *see First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)).

evidence is left with the definite and firm conviction that a mistake has been committed.'"[3]

Plaintiff's motion is untimely. Rule 72(a) gives a party fourteen days to object to a nondispositive ruling by a magistrate judge. Plaintiff's motion for review was filed fifteen days after Judge O'Hara's Order. Failure to timely object constitutes waiver.[4] The Court therefore denies plaintiff's motion as untimely.

In any event, plaintiff has not met his burden of showing that Judge O'Hara's ruling was clearly erroneous or contrary to law. The district court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915 and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights.[5] In determining whether to appoint counsel, the court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved.[6]

Plaintiff objects to Judge O'Hara's order that denied appointment of counsel. Judge O'Hara ruled as follows:

> Plaintiff has indicated he has contacted four attorneys regarding this case, as well as the Lawyer Referral Service. There are, however, numerous attorneys in the Wichita area who handle cases such as this one, and provided the case is perceived to have merit,

---

[3] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).

[4] Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

[5] *Williams v. Meese*, 926 F.2d 944, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).

[6] *Id.*

2

> counsel typically agree to handle the matter on a contingency fee
> basis. Plaintiff is encouraged to again contact the Lawyer Referral
> Service to obtain other names of attorneys in the Wichita area who
> handle cases such as this one. . . . Further, this case involves
> relatively simple facts in which plaintiff must simply explain to the
> court why he believes he is entitled to relief. This should not
> require any particular expertise and, given the liberal standards
> governing pro se litigants, the court has no doubt that if plaintiff
> devotes sufficient efforts to presenting his case, he can do so
> adequately without the aid of counsel.[7]

Judge O'Hara also gave plaintiff the address and telephone number of the Lawyer Referral Service in Wichita.[8]

On review of plaintiff's pleadings and court filings, the magistrate's finding on this issue is not clearly erroneous or contrary to law. Plaintiff does not indicate in his objection that he has made any further attempt to contact the Lawyer Referral Service as recommended by Judge O'Hara. Although plaintiff asserts that he suffers from various mental illness disorders that place him at a disadvantage in proceeding without counsel, he also indicates that he is enrolled as a student at Wichita State University. The Court agrees with Judge O'Hara that he should be able to articulate his claims and present his case without the aid of counsel. Plaintiff's objection is overruled and denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Review [sic] (Doc. 8) is DENIED.

**IT IS SO ORDERED.**

Dated: November 23, 2010

    S/ Julie A. Robinson
    JULIE A. ROBINSON

---

[7] (Doc. 5 at 2-3.)

[8] *Id.* at 2.

UNITED STATES DISTRICT JUDGE