IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RODNEY C. NICKS,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) ) Case No. 10-CV-1220-JAR-JPO |
| **CARL BREWER, et. al.,** | ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Rodney C. Nicks, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations and personal injuries by numerous defendants related to his arrest, subsequent detention and treatment while detained. This matter is before the Court on the following motions, all of which seek dismissal pursuant to Fed. R. Civ. P. 12(b)(4) and/or (5): Carl Brewer's Motion to Dismiss (Doc. 14); Norman Williams' Motion to Dismiss (Doc. 16); Motion to Dismiss Pursuant to Rule 12(b) filed by Conmed Healthcare Management, Inc., Director of Medical, Conmed, Inc. and Kendra Maechten (Doc. 34); Thomas J. Flynn, M.D.'s Motion to Dismiss Pursuant to Rule 12(b) (Doc. 38); Richard W. Turner's Motion to Dismiss Pursuant to Rule 12(b) (Doc. 41); Robert Hinshaw's Motion to Dismiss (Doc. 43); and Gary Steed's Motion to Dismiss (Doc. 45). Defendants Brewer, Williams, Hinshaw and Steed also move for dismissal for failure to state a claim pursuant to Rule 12(b)(6). For the reasons set forth in detail below, the Court grants defendants Brewer, Williams, Hinshaw and Steed's motions for failure to state a claim, but denies the remaining defendants' motions to dismiss on insufficient service grounds.

**I.     Plaintiff's Complaint**

Plaintiff was arrested by the Wichita Police Department after a traffic stop on July 7, 2008. Plaintiff alleges the arresting officers used excessive force when executing the arrest and that the officers arrested him without probable cause. Plaintiff also alleges that he was injured during the arrest and that after he was transported to the emergency room by the Sheriff's Deputies, the doctors who treated him committed malpractice by misdiagnosing his injury. Plaintiff further alleges that the medical staff at the Sedgwick County Detention Facility denied him proper treatment and refused his pleas for medical attention and pain medication. Plaintiff is no longer in the custody of the Sedgwick County Detention Facility.

The defendants in this action are: Carl Brewer, Mayor of Wichita; Norman Williams, Chief of Police; Jessie M. Cornwell, Jr., Wichita Police Officer; Jason Bartel, Wichita Police Officer; Robert Hinshaw, Sedgwick County Sheriff; Gary Steed, former Sedgwick County Sheriff; Conmed Healthcare Management, Inc. ("Conmed"); Conmed Director of Medical Service; Richard W. Turner, CEO of Conmed; Kendra Maechten, employee of Conmed; Anderson Higgins, Jr., Emergency Room doctor; Thomas J. Flynn, Emergency Room radiologist; Unknown Officers; and Unknown Undersheriff Deputies.

**II.     Discussion**

Plaintiff did not timely file a response to defendant's Motion to Dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days). Despite missing the deadline to respond to most of the pending motions to dismiss, Magistrate Judge O'Hara extended plaintiff's response deadline until on or before November 15, 2010 (Doc. 49). Plaintiff responded to the motions on November 19, 2010 (Doc. 54).

> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

As a result of plaintiff's failure to timely respond, the Court could choose to grant defendants' motions with little further consideration. Moreover, plaintiff's response offers no substantive arguments opposing the pending motions, but instead repeats plaintiff's claim that he is unable to respond due to his *pro se* status.[2] As the Court has explained, however, a *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[3] That said, the Court will nevertheless address the merits of the motions.

### A. Rule 12(b)(6)

Defendants Hinshaw and Steed filed their respective Motions to Dismiss after filing an answer in this case.[4] Technically, it is impermissible to file an answer and thereafter file a Rule 12(b)(6) motion to dismiss.[5] However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings,[6] the court may treat a Rule 12(b)(6) motion as if it had been

---

[2] Judge O'Hara denied plaintiff's motion for appointment of counsel (Doc. 5) and this Court overruled plaintiff's objection to Judge O'Hara's order (Doc. 55.)

[3] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[4] (Docs. 32, 33.)

[5] *See* Fed. R. Civ. P. 12(b) (a motion asserting defense of failure to state a claim "shall be made before pleading if a further pleading is permitted"); 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 300-01 (2d ed. 1990) ("[A] post-answer Rule 12(b)(6) motion is untimely.").

[6] Fed. R. Civ. P. 12(h).

submitted under Rule 12(c).⁷ The distinction between the two motions is purely formal, because the court must review a Rule 12(c) motion under the same standard that governs a Rule 12(b)(6) motion.⁸ Thus, these defendants' motions will all be analyzed pursuant to Rule 12(b)(6) standards.

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."⁹ Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."¹⁰ The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.¹¹ As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"¹² Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that

---

⁷*Thomas v. Travnicek*, No. 00-3360-GTV, 2003 WL 22466194, at *1 (D. Kan. Aug. 15, 2003).

⁸*Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) ("[w]e review a dismissal on the pleadings pursuant to Fed. R. Civ. P. 12(c) under the same standard applicable to a 12(b)(6) dismissal.") (citing *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000)).

⁹*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

¹⁰*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

¹¹*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

¹²*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [13]

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[14] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[15] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[16]

### 1. Section 1983

To sustain an action under 42 U.S.C. § 1983, a plaintiff must plead facts showing a defendant's personal involvement in the alleged violation.[17] "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."[18] When a claim is asserted against multiple defendants, plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."[19] The Tenth Circuit has held that, "[g]iven the complaint's use of either the collective term 'Defendants' or a list of

---

[13]*Id.*

[14]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[15]*Id.*

[16]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[17]*Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

[18]*Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

[19]*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)).

5

the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."[20]

Furthermore, liability cannot be imposed vicariously via the doctrine of *respondeat superior*.[21] The Tenth Circuit has explained that, when asserting a claim against a supervisor, plaintiff must demonstrate "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."[22]

Here, plaintiff does not allege that defendants Brewer and Williams personally deprived him of his civil rights. Plaintiff merely alleges that these defendants had a supervisory role over the arresting officers as their "commanders." There are no allegations that Brewer or Williams participated in plaintiff's arrest, that they failed to properly supervise, control or direct the officers, or that any such failure caused plaintiff's constitutional rights to be violated. Absent such allegations, plaintiff's Complaint fails to state a cause of action against these defendants.

Likewise, plaintiff does not allege that defendants Hinshaw and Steed personally participated in the acts he alleged occurred at the jail. Plaintiff's Complaint sets out actions of "deputies," but makes no connection to their actions and these defendants other than "the sheriff is duly responsible for his deputies [sic] actions as they are all state agents acting under the Color

---

[20]*Robbins*, 519 F.3d at 1250.

[21]*Trujillo*, 465 F.3d at 1228.

[22]*Dodds v. Richardson*, – F.3d –, 2010 WL 3064002, at *8 (10th Cir. 2010).

of State Law." Moreover, defendant Hinshaw became Sheriff in December 2008, after the alleged constitutional violations occurred. Because there is no *respondeat superior* liability in § 1983 actions, plaintiff has failed to state a plausible claim against these defendants.[23]

### 2. Negligent Supervision

Plaintiff's Complaint also asserts a tort cause of action against defendants Brewer, Williams, Steed and Hinshaw for negligent supervision. To bring a claim for negligent supervision under Kansas law, a plaintiff must show that "the employer had reason to believe that an undue risk of harm to others would exist as a result of the employment of the alleged tortfeasor" and "such harm is within the risk."[24] Plaintiff does not allege that these defendants had any knowledge or reason to believe that the individual police or sheriff's officers would use excessive force on plaintiff or would not obtain necessary medical treatment. Absent any allegation that these defendants knew or should have known of any risks in continuing to employ the individual police or sheriff's officers, plaintiff's Complaint fails to state a cause of action for negligent supervision.

### 3. Kansas Tort Claims Act

Although it appears these defendants are named in their individual capacities, to the extent plaintiff sues defendants Brewer, Williams, Steed and Hinshaw in their official capacity,

---

[23]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2007). Alternatively, Hinshaw and Steed argue that they are entitled to qualified immunity on plaintiff's § 1983 claims. Because the Court grants defendants' motions on other grounds, it does not reach this issue.

[24]*Bell v. City of Topeka, Kan.*, 496 F. Supp. 2d 1182, 1194, n.41 (D. Kan. 2007) (quoting *Estate of Sisk v. Manzanares*, 262 F. Supp. 2d 1162, 1187 (D. Kan. 2002)).

7

the Court construes the suit as against the City of Wichita and Sedgwick County, Kansas.[25]
Although common law dictates that a governmental entity cannot be sued without its consent,
the Kansas Legislature provided this consent by enacting the Kansas Tort Claims Act
("KTCA").[26] Subject to certain limitations, the KTCA deems a governmental entity liable for
the negligent acts of those employees acting within the scope of their employment.[27] Plaintiff's
Complaint does not allege compliance with the notice requirements of the KTCA, however,
which requires notice of a claim must be given to the governmental entity prior to filing a
lawsuit.[28] Plaintiff's state law claims against these defendants are dismissed on these grounds as
well.

### B. Rule 12(b)(4) and (5) Service of Process

Defendants Conmed, Conmed Director of Medical Service, Maechten, Turner and Flynn
argue that, because of insufficient service and service of process, the Court lacks personal
jurisdiction over them and the claims against them must be dismissed.[29] Plaintiff, through the
United States Marshals Service, sent the summons and Complaint by certified mail to Conmed's
business address (Conmed, Director of Medical Conmed, Maetchen and Turner) and Via Christi
St. Francis Hospital (Flynn). According to defendants, none of the persons who signed for the

---

[25] Official capacity suits against an employee, officer or agent generally represent only another way of pleading an action against the entity for which the employee, officer, or agent works. *Thomas v. County Com'rs of Shawnee County*, 198 P.3d 182, 194 (Kan. Ct. App. 2008).

[26] K.S.A. § 75-6101 *et seq.*; *Woodruff v. City of Ottawa*, 951 P.2d 953, 956-57 (1997).

[27] K.S.A. § 75-6103(a).

[28] K.S.A. § 12-105b(d); *Phillips v. Humble*, 587 F.3d 1267, 1272-73 (10th Cir. 2009).

[29] Defendants Brewer, Williams, Steed and Hinshaw also moved for dismissal on these grounds. Because the Court dismisses plaintiff's claims against these defendants for failure to state a claim under Rule 12(b)(6), it need not address the insufficient service claims of these defendants.

summons and Complaint were agents authorized to receive service of process for any of the defendants. Nor did plaintiff attempt to serve the individual defendants personally, or at their respective dwelling houses or places of abode.

A federal court is without personal jurisdiction over a defendant if service of process is found to be insufficient under Rule 4.[30] A plaintiff has the burden of showing the court by a preponderance of evidence that jurisdiction is proper.[31] Mere allegations of jurisdiction are not enough.[32]

Pursuant to Rule 4(e),

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, . . . may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.[33]

Kansas law allows for service upon an individual by certified mail to that individual's "dwelling house or ususal place of abode,"[34] but does not allow service by certified mail to a business

---

[30] *Id.*

[31] *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[32] *Id.* at 798.

[33] Fed. R. Civ. P. 4(e).

[34] K.S.A. §§ 60-303(c), 60-304(a).

9

address, unless and until the "certified mail to the individual's dwelling house or ususal place of abode is refused or unclaimed."[35] In the latter event, such service is permitted only "after filing a return on service stating the certified mailing to the individual at such individual's dwelling house or ususal place of abode has been refused or unclaimed."[36] With respect to a corporation, Kansas law allows for service by serving an officer, manager, partner or a resident, managing or general agent; by leaving a copy of the summons and complaint at any of its business offices with the person in charge; or serving any agent authorized to accept service.[37]

Defendants move for dismissal under both Rule 12(b)(4) and (5). Generally, a rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery.[38] In this case, defendants challenge the method of service. A Rule 12(b)(4) motion should "be granted only when the defect is prejudicial to defendant,"[39] and the Court denies the motions to dismiss to the extent they seek dismissal under this subsection.

By contrast, "[a] Rule 12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint."[40] Plaintiff's *pro se* status does not excuse his obligation to comply with the requirements of the Federal Rules of Civil Procedure, nor does his *in forma pauperis*

---

[35]K.S.A. § 60-304(a).

[36]*Id.*; *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994).

[37]K.S.A. § 60-304(e).

[38]*See Oltremari*, 871 F. Supp. at 1349 (citing *Blue Ocean Lines v. Universal Process Equip., Inc.*, Case No. 93 Civ. 1722(SS), 1993 WL 403961, at *4 (S.D.N.Y. Oct. 7, 1993)).

[39]*Id.* (citation omitted).

[40]*Id.* at 1348.

status permit this Court to overlook deficiencies in service or attribute such deficiencies to others.[41] In this case, plaintiff has failed to meet the technical requirements of Rule 4 with respect to the individual defendants because no defendants waived service; defendants were not personally served; each summons and complaint was sent by certified mail to each of the individual defendants at their place of employment, not at their ususal place of abode, or to corporate defendant's business office; and the individuals who signed for the certified mail were not agents authorized to accept service of process on behalf of these defendants. With respect to the corporate defendant, plaintiff's service by certified mail was also defective as it did not comply with any of the methods set forth in the statute.

Nevertheless, as Judge Murgia recently noted in a case factually similar to this one, Kansas requires only substantial compliance with service of process requirements, and the question of whether service of a summons and complaint by certified mail on an individual at his or her place of employment constitutes substantial compliance appears to be an unsettled question, resulting in conflicting opinions in this district.[42] In *Pfuetze v. Kansas*,[43] the plaintiff proceeding *pro se* and *in forma pauperis* also filed a complaint stemming from his arrest, detention and subsequent proceedings related to a municipal case in Wichita, Kansas, and the Marshals sent all summons and complaint to the defendants by certified mail to their place of

---

[41]*Id*. at 1350; *Garland v. State of Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 n.2 (D. Kan. Jan. 31, 1994) (holding that "a party proceeding *in forma pauperis* is entitled to rely on the United States Marshal for service of the summons and complaint" and that dismissal is not an appropriate remedy for failure of service unless the defects result from inadequate or inaccurate information presented by plaintiff or on a lack of diligence on the part of plaintiff; instead, the clerk's office and Marshals should correct the defect and effect service); *see also* Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d) (1996).

[42]*See Pfuetze v. Kansas*, No. 10-1139-CM, 2010 WL 3613963, at *3 (D. Kan. Sept. 7, 2010) (collecting cases).

[43]*Id*.

employment.[44] The court concluded that, "under Kansas law, service by certified mail on an individual at her place of business constitutes substantial compliance with the requirement for service of process on an employee who was sued individually."[45] In so ruling, the court explained,

> Where, as here, a *pro se* plaintiff has failed to meet the technical requirements of service, but has substantially complied with those requirements and where, as here, defendants allege no prejudice resulting from any deficiencies in service and where, as here, defendants received actual notice and have not been denied due process, the court does not believe that dismissal would be the appropriate remedy, let alone dismissal with prejudice, as defendants request. For the above reasons, and consistent with the tenet that courts prefer to decide cases on their merits rather than technicalities, *see, e.g., Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982), the court ignores the technical defects in the service of process, and considers defendants properly served.[46]

This Court finds Judge Murgia's analysis persuasive and adopts his reasoning and approach in this case. Here, there is no suggestion that the mailed copies of the summons and complaint did not actually reach the above-named defendants.[47] Further, the Court finds that the above-named defendants have not been denied due process.[48] Defendants have received notice

---

[44]*Id.* at *1.

[45]*Id.* at *3 (citing *Ledbetter v. City of Topeka*, 112 F. Supp. 2d 1239, 1245 (D. Kan. 2000)) (holding that, although not a "model" approach, plaintiff's service of defendant at her place of business via certified mail constituted substantial compliance with service requirements where defendant received actual notice of the lawsuit); *accord Spiess v. Meyers*, 483 F. Supp. 2d 1082, 1094-97 (D. Kan. 2007) (same).

[46]*Id.* at *4.

[47]*Kan. Bd. of Regents v. Skinner*, 987 P.2d 1096, 1099 (Kan. 1999) (holding that a defendant's awareness of the lawsuit must specifically arise from [substantially compliant] service of process); *see* K.S.A. § 60-203.

[48]*Ames v. Uranus, Inc.*, No. 92-2170-JWL, 1993 WL 144590, at *2 (D. Kan. Apr. 13, 1993) (citing *Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 945-46 (10th Cir. 1987)) (noting that courts should generally overrule technical objections to service of process when the defendant has not been denied due process).

of the lawsuit, and have demonstrated by way of the instant motions, their ability to defend this action. Although *Pfuetze* involved individual defendants, the Court finds the reasoning applicable to the corporate defendant in this case as well. Accordingly, these defendants are considered properly served.[49]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants Carl Brewer, Norman D. Williams, Robert Hinshaw and Gary Steed's Motions to Dismiss (Docs. 14, 16, 43, 45) are GRANTED;

**IT IS FURTHER ORDERED THAT** defendants Conmed Healthcare Managment, Inc., Conmed Director of Medical Service, Richard W. Turner, Kendra Maechten and Thomas J. Flynn's Motions to Dismiss (Docs. 34, 38, 41) are DENIED; defendants are considered properly served as of the date of this Order and the time upon which they must answer or otherwise respond will commence upon this date.

**IT IS SO ORDERED.**

Dated: <u>November 23, 2010</u>

                                           <u>S/ Julie A. Robinson</u>
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[49] *See* Fed. R. Civ. P. 4(m).