IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RODNEY C. NICKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-CV-1220-JAR-JPO |
| **CARL BREWER, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Rodney C. Nicks, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations and personal injuries by numerous defendants related to his arrest, subsequent detention and treatment while detained. This matter is before the Court on two motions seeking dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Jason Bartel (Doc. 50), and by defendants Conmed Healthcare Management, Inc., Director of Medical, Conmed Inc., Kendra Maechten and Richard W. Turner (Doc. 63). For the reasons set forth in detail below, the Court grants defendants' motions.

**I.     Plaintiff's Complaint**

Plaintiff was arrested by the Wichita Police Department after a traffic stop on July 7, 2008. Plaintiff alleges the arresting officers used excessive force when executing the arrest and that the officers arrested him without probable cause. Plaintiff also alleges that he was injured during the arrest and that after he was transported to the emergency room by the Sheriff's Deputies, the doctors who treated him committed malpractice by misdiagnosing his injury.

Plaintiff further alleges that the medical staff at the Sedgwick County Detention Facility denied him proper treatment and refused his pleas for medical attention and pain medication. Plaintiff is no longer in the custody of the Sedgwick County Detention Facility.

The defendants in this action are: Carl Brewer, Mayor of Wichita; Norman Williams, Chief of Police; Jessie M. Cornwell, Jr., Wichita Police Officer; Jason Bartel, Wichita Police Officer; Robert Hinshaw, Sedgwick County Sheriff; Gary Steed, former Sedgwick County Sheriff; Conmed Healthcare Management, Inc. ("Conmed"); Conmed Director of Medical Service; Richard W. Turner, CEO of Conmed; Kendra Maechten, employee of Conmed; Anderson Higgins, Jr., Emergency Room doctor; Thomas J. Flynn, Emergency Room radiologist; Unknown Officers; and Unknown Undersheriff Deputies. The following defendants have been dismissed: Brewer, Williams, Hinshaw and Steed[1]; Cornwell;[2] and Higgins.[3]

**II.    Discussion**

Plaintiff did not timely file a response to defendants' Motions to Dismiss and the time to do so has expired.[4] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1](Doc. 57.)

[2](Doc. 56.)

[3](Doc. 65.)

[4]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

As a result of plaintiff's failure to respond, the Court grants defendants' motions.[5]

Furthermore, the Court grants defendants' motions to dismiss because plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[8] As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[9] Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[5]The Court previously denied plaintiff's Motion to Review Magistrate Judge O'Hara's order denying his request for appointment of counsel (Doc. 55). As the Court has explained, a *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[6]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[7]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8]*Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[9]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

inference that the defendant is liable for the misconduct alleged."[10]

Because plaintiff is a *pro se* litigant, the court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[11] However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[13]

*Section 1983*

To sustain an action under 42 U.S.C. § 1983, a plaintiff must plead facts showing a defendant's personal involvement in the alleged violation.[14] "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."[15] When a claim is asserted against multiple defendants, plaintiff must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her."[16] The Tenth Circuit has held that, "[g]iven the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional

---

[10]*Id.*

[11]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[12]*Id.*

[13]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

[14]*Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

[15]*Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

[16]*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)).

acts they are alleged to have committed."[17]

Furthermore, liability cannot be imposed vicariously via the doctrine of *respondeat superior*.[18] The Tenth Circuit has explained that, when asserting a claim against a supervisor, plaintiff must demonstrate "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."[19] And, under § 1983, a private corporation cannot be held vicariously liable for the acts of its servants.[20] A private corporation performing a government function is liable under § 1983 where plaintiff shows a direct causal link between the corporation's policy or custom and the injury alleged.[21]

Here, plaintiff does not allege that Officer Bartel personally deprived him of his civil rights. The only allegation against Officer Bartel was that he was at the scene when plaintiff was arrested. There are no allegations that Officer Bartel personally participated in plaintiff's arrest, or that he tased or applied force to plaintiff. Absent such allegations, plaintiff's Complaint fails to state a claim against this defendant.[22]

Likewise, there are no allegations establishing the remaining defendants' direct, personal

---

[17] *Robbins*, 519 F.3d at 1250.

[18] *Trujillo*, 465 F.3d at 1228.

[19] *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

[20] *Baker v. Simmons*, 65 F. App'x 231, 234 (10th Cir. 2003).

[21] *Smith v. Bruce*, 568 F. Supp. 2d 1277, 1282 (D. Kan. 2008) (citing *Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005)).

[22] Defendant Bartel also moved for dismissal on Rule 12(b)(4) and (5) grounds of insufficient service and lack of personal jurisdiction. Because the Court dismisses plaintiff's claims against this defendant for failure to state a claim under Rule 12(b)(6), it need not address his insufficient service claims.

involvement in the alleged constitutional deprivations. The Complaint does not assert any claims that defendants Maechten and Turner interacted with plaintiff. Plaintiff merely alleges that Maechten had a supervisory role as she oversaw the facility in Sedgwick County and the medical staff, and that Turner is the "head of all Conmed facility [sic] through the US." Nor are there any allegations that Maechten or Turner promulgated, created, implemented or possessed responsibility for the continued operation of a policy that caused plaintiff's injury. The Complaint also lacks any allegations mentioning the Director of Conmed Inc., or that Conmed, a private corporation, had any policy or custom that caused plaintiff's injury. Because there is no *respondeat superior* liability in § 1983 actions, plaintiff has failed to state a plausible claim against these defendants.[23]

### *Negligent Supervision*

**Plaintiff's Complaint also asserts a tort cause of action against defendants Turner** and Maechten for negligent supervision. To bring a claim for negligent supervision under Kansas law, a plaintiff must show that "the employer had reason to believe that an undue risk of harm to others would exist as a result of the employment of the alleged tortfeasor" and "such harm is within the risk."[24] Plaintiff does not allege that these defendants had any knowledge or reason to believe that Conmed staff members posed any undue risk to plaintiff or that they would deny him proper treatment and medication. Absent any allegation that these defendants knew or should have known of any risks in continuing to employ the individual medical staff members, plaintiff's Complaint fails to state a cause of action for negligent supervision.

---

[23]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2007).

[24]*Bell v. City of Topeka, Kan.*, 496 F. Supp. 2d 1182, 1194, n.41 (D. Kan. 2007) (quoting *Estate of Sisk v. Manzanares*, 262 F. Supp. 2d 1162, 1187 (D. Kan. 2002)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Jason Bartel, Conmed Healthcare Managment, Inc., Director of Medical, Conmed Inc., Kendra Maechten and Richard W. Turner's Motions to Dismiss (Docs. 50, 63) are GRANTED.

**IT IS SO ORDERED.**

Dated: January 6, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE