lml

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RODNEY C. NICKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 10-CV-1220-JAR-JPO |
| **CARL BREWER, et. al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Rodney C. Nicks, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983, alleging civil rights violations and personal injuries by numerous defendants related to his arrest, subsequent detention and treatment while detained. This matter is before the Court on defendant Thomas J. Flynn's Motion to Dismiss (Doc. 70). For the reasons set forth in detail below, the Court grants defendant's motion.

**I.    Plaintiff's Complaint**

Plaintiff was arrested by the Wichita Police Department after a traffic stop on July 7, 2008. Plaintiff alleges the arresting officers used excessive force when executing the arrest and that the officers arrested him without probable cause. Plaintiff also alleges that he was injured during the arrest and that after he was transported to the emergency room by the Sheriff's Deputies, the doctors who treated him committed malpractice by misdiagnosing his injury. Plaintiff further alleges that the medical staff at the Sedgwick County Detention Facility denied him proper treatment and refused his pleas for medical attention and pain medication. Plaintiff is no longer in the custody of the Sedgwick County Detention Facility.

The defendants in this action are: Carl Brewer, Mayor of Wichita; Norman Williams, Chief of Police; Jessie M. Cornwell, Jr., Wichita Police Officer; Jason Bartel, Wichita Police Officer; Robert Hinshaw, Sedgwick County Sheriff; Gary Steed, former Sedgwick County Sheriff; Conmed Healthcare Management, Inc. ("Conmed"); Conmed Director of Medical Service; Richard W. Turner, CEO of Conmed; Kendra Maechten, employee of Conmed; Anderson Higgins, Jr., Emergency Room doctor; Thomas J. Flynn, Emergency Room radiologist; Unknown Officers; and Unknown Undersheriff Deputies. All but Flynn and the unknown defendants have been dismissed.

**II.     Discussion**

On February 22, 2011, plaintiff was ordered to show cause (Doc. 72) on or before March 9, 2011, why this case should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m), for failure to identify and/or accomplish service of summons or the complaint upon defendants Unknown Wichita Police Officers or Unknown Undersheriff Deputies. Plaintiff's response (Doc. 74) offers no substantive arguments or explanation for failure to identify or obtain service of these defendants, but instead repeats plaintiff's claim that he is unable to respond due to his *pro se* status.[1] As the Court has explained, however, a *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] Accordingly, this action is dismissed, without prejudice, with respect to the unknown defendants.      Plaintiff also failed to file a response to defendant Flynn's Motion

---

[1] Judge O'Hara denied plaintiff's motion for appointment of counsel (Doc. 5) and this Court overruled plaintiff's objection to Judge O'Hara's order (Doc. 55).

[2] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)(insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

to Dismiss and the time to do so has expired.[3] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of plaintiff's failure to respond, the Court grants defendant's motion.[4]

Further, the Court grants Flynn's request to decline to exercise its supplemental jurisdiction over the claims brought against him. This Court had original jurisdiction over this matter because plaintiff filed suit against various public entities and claimed violations of his civil rights under § 1983. To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[5] Accordingly, "the only proper defendants in a section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it."[6] The Complaint states that Flynn is an emergency room radiologist who treated and misdiagnosed plaintiff at Via Christi Regional Medical Center; there are no facts that can be construed to allege that he is a state actor or engaged in acts under color of state law.[7] Because plaintiff's claims against Flynn sound solely in negligence, this Court had supplemental

---

[3]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[4]*Ogden*, 32 F.3d at 455.

[5]*Jones v. Wet Seal Retail, Inc.*, 519 F. Supp. 2d 1164, 1169 (D. Kan. 2007) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

[6]*Id*. (quoting *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations and quotations omitted)).

3

jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ."[8]

Because the Court has dismissed all of plaintiff's claims over which it had original jurisdiction, it is authorized to decline supplemental jurisdiction over the remaining state law claim of false arrest and false imprisonment.[9] Whether to exercise supplemental jurisdiction is committed to the court's sound discretion.[10] 28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'"[11]

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[12] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[13] Plaintiff's claims against Dr. Flynn involve a matter of state law between two non-diverse parties. This case is in its preliminary stages, and no formal discovery has been done to date. The Court finds that this is

---

[8] 28 U.S.C. § 1367(a).

[9] 28 U.S.C. § 1367(c)(3).

[10] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *see also Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995).

[11] *City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld Cnty. Commr's*, 365 F.3d 855 (10th Cir. 2004).

[12] *Carnegie-Mellon Univ.*, 484 U.S. at 357.

[13] *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

the usual case in which principles of judicial economy, convenience, fairness, and comity all point in favor of dismissal of the remaining Kansas law claims so that plaintiff may continue his action in state court.[14]

**IT IS THEREFORE ORDERED BY THE COURT THAT** this action is dismissed, without prejudice, with respect to the unknown defendants.

**IT IS FURTHER ORDERED** that defendant Flynn's Motion to Dismiss (Doc. 70) is GRANTED; the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which shall be dismissed, without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**IT IS SO ORDERED.**

Dated: March 11, 2011

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[14]*See Jones v. Intermountain Power Project*, 794 F.2d 546, 549 (10th Cir. 1986) (explaining that pendent state claims should be dismissed when all federal claims are dismissed before trial). The Court also notes that K.S.A. § 60-518, Kansas's saving statute provides:

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

The saving statute affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits." Examples of such failures include a dismissal without prejudice. *See Rogers v. William, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989). If the Kansas saving statute is applicable, the time frame provided therein controls over the 30-day period provided in 28 U.S.C. § 1367(d).